UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARMEN J. MAURELLA III, on behalf of himself, and all others similarly situated, | |
| Plaintiff, | Case No. 1-18-cv-07435 |
| v. | Case No. 1-18-cv-07520 (Consolidated Matter) |
| H&R BLOCK, INC. and H&R BLOCK TAX SERVICES LLC | Hon. Charles Norgle |
| Defendants. | |
| COLLEEN GRIFFITH, on behalf of herself, and all others similarly situated, | |
| Plaintiff, | |
| v. | |
| H&R BLOCK, INC. and H&R BLOCK TAX SERVICES LLC | |
| Defendants. | |

**MOTION TO EXTEND DEFENDANTS' TIME TO RESPOND TO THE COMPLAINTS PENDING A DECISION BY THE JUDICIAL PANEL ON MULITDISTRICT LITIGATION OR, ALTERNATIVELY, TO SEQUENCE DEFENDANTS' RESPONSE TO BRIEF ARBITRAL FORUM, JURISDICTION, AND VENUE CHALLENGES BEFORE BRIEFING RULE 12(b)(6) ARGUMENTS**

H&R Block, Inc. and H&R Block Tax Services LLC (together, "Defendants"), by and through their undersigned counsel, respectfully request (i) an extension of Defendants' time to respond to both class action Complaints in this Consolidated Matter until 21 days after the Judicial Panel on Multidistrict Litigation (the "JPML") issues a decision on Plaintiff Carmen Maurella's pending motion to transfer the related class actions to this Court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407, or (ii) alternatively, if the Court

1

decides to proceed with Defendants' response to the class action Complaints in the two related actions consolidated before this Court currently due next Friday, January 18, to sequence Defendants' response to brief threshold Federal Arbitration Act arbitral forum, personal jurisdiction, and 28 U.S.C. § 1404 venue challenges before briefing Federal Rule of Civil Procedure 12(b)(6) pleading arguments for failure to state any claim for relief. In support of this Motion, the Defendants state as follows:

1. On November 8, 2018, Plaintiff Carmen Maurella filed the first class action complaint, Case No. 1:18-cv-07435, in this District and assigned to Your Honor.

2. On November 13, 2018, less than a week later, Plaintiff Colleen Griffith filed a second class action complaint, Case No. 1:18-cv-07520, in this District.

3. On December 7, 2018, the *Maurella* action and *Griffith* action were consolidated before this Court and Defendants' response to both Complaints was extended until January 18, 2018.

4. On December 13, 2018, Plaintiff Maurella filed a Motion to Transfer and Consolidate Related Actions to the Northern District of Illinois for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, MDL No. 2880, before the JPML (the "Section 1407 Motion"). At that time, one related class action against Defendants was pending in the Western District of Missouri. *See Melissa Ramsey v. H&R Block, Inc., et al.*, Case No. 1:19-cv-00035 (W.D. Mo. Compl. filed Nov. 23, 2018).

5. Last week, two new related class actions were filed against Defendants in this District. *See Brenda Vazquez-Rivera v. H&R Block, Inc., et al.*, Case No. 1:19-cv-00035 (N.D. Ill. Compl. filed Jan. 3, 2019); *Deborah Robinson v. H&R Block, Inc., et al.*, Case No. 1:19-cv-00134 (N.D. Ill. Compl. filed Jan. 7, 2019). In addition, one new related class action was filed

against Defendants in the Western District of Missouri. *See Janice Davidow v. H&R Block, Inc., et al.*, Case No. 4:18-cv-01022 (W.D. Mo. Compl. filed Dec. 31, 2018).

6. Plaintiff Ramsey filed a response with the JPML supporting Plaintiff Maurella's Section 1407 Motion, but requesting any MDL take place in the Western District of Missouri. Plaintiff Griffith filed a response with the JPML supporting Plaintiff Maurella's Section 1407 Motion in full.

7. Defendants filed a response with the JPML opposing Plaintiff Maurella's Section 1407 Motion on, among other grounds, that the venue of any MDL should be in the Western District of Missouri.

8. Plaintiff Maurella's Section 1407 Motion will be heard at the January 31, 2019 JPML Panel Session.

9. The *Vazquez* and *Robinson* actions have both been identified by those named plaintiffs as related to the *Maurella* action. As with the *Griffith* action, Defendants anticipate that, pursuant to Local Rule 40.4, these two new cases will be reassigned to Your Honor in this Consolidated Matter.

10. In the event the JPML grants Plaintiff Maurella's Section 1407 Motion, all of the related actions will be transferred for coordinated or consolidated pre-trial proceedings to this to this Court or the Western District of Missouri. In either case, as is common practice in multidistrict litigation, at that time, for efficiency and other reasons, plaintiffs will likely be required to file a single consolidated Complaint or to coordinate their individual Complaints so that the parties do not need to brief, and this court does not need to adjudicate, six different responses to the pleadings at six different times. Even if the JPML does not grant Plaintiff Maurella's Section 1407 Motion, the four cases pending in this District will be reassigned and

presumably consolidated into one operative Complaint.

11. Based on the foregoing, good cause exists for the Court to extend Defendants' deadline to respond to the two class action Complaints in this Consolidated Matter until 21 days after the JPML decides Plaintiff Maurella's Section 1407 Motion. *See Paul v. Aviva Life and Annuity Co.*, Case No. 09–1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009) (granting a stay of proceedings pending a motion to transfer under 28 U.S.C. § 1407 with the JPML: "Judicial economy favors a stay in this case.").

12. Defendants time to respond to the *Maurella* and *Griffith* Complaints by January 18 was set by the Court pursuant to a prior request stipulated to by the Parties. This additional request for an extension of time by Defendants is opposed by Plaintiffs.

13. Alternatively, if the Court would like to proceed with briefing on the *Maurella* and *Griffith* Complaints, Defendants respectfully request that the Court sequence Defendants' response to brief Federal Arbitration Act arbitral forum, personal jurisdiction, and 28 U.S.C. § 1404 venue challenges before briefing Defendants' Federal Rule of Civil Procedure 12(b)(6) arguments challenging both Complaints for failing to state any claim for relief.

14. On January 3, 2019, this Court granted the Parties' joint motion for leave to file briefs in excess of 15 pages in order to address both procedural challenges and substantive Federal Rule of Civil Procedure 12(b)(6) arguments in a single opening brief and a single opposition brief. Defendants have been diligently preparing their response. However, the drafting process has underscored that the multiple alternative arguments will make this briefing cumbersome and potentially unnecessary for the Court's consideration. Specifically, Defendants will be moving first under the Federal Arbitration Act, 9 U.S.C. § 4 to compel arbitration on an individual basis of both Plaintiffs Maurella's and Griffith's claims. *Only if* the Court were to

decide that Plaintiffs' claims belong in a judicial forum would the Court then need to consider Defendants' next group of procedural arguments for lack of personal jurisdiction and to transfer venue under 28 U.S.C. § 1404 to the Western District of Missouri where Defendants are incorporated and headquartered. And then, *only if* the Court decides that the Plaintiffs' claims belong in a judicial forum and venue in the Northern District of Illinois is appropriate, would the Court then need to consider Defendants' substantive arguments that the allegations are insufficiently pled and fail to state any claim for relief under Section 1 of the Sherman Act, 15 U.S.C. § 1.

15.  It is well-settled that this Court has the inherent authority to control its own docket. *See Landis v. N. Am. Co.,* 299 U.S. 248, 354-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for [the court], for counsel, and for litigants."). Defendants' sequencing proposal for their response to enable the Court to focus on threshold procedural challenges to Plaintiff Maurella's and Griffith's claims will "secure the just, speedy, and inexpensive determination" of this Consolidated Matter. Fed. R. Civ. P. 1.

16.  Neither Plaintiff Maurella nor Plaintiff Griffith will be prejudiced by the primary relief or the alternative relief sought in this request. The *Maurella* and *Griffith* actions are in their early stages and they seek to be consolidated or coordinated for pre-trial proceedings with other related class actions against Defendants. This Motion is not sought for any improper purpose.

17.  Prior to filing this Motion, counsel for the Defendants and counsel for the Plaintiffs conferred about the primary and alternative relief sought by this Motion, and Plaintiffs do not consent to either form of relief.

WHEREFORE, the Defendants respectfully request (i) an extension of Defendants' time to respond to both class action Complaints in this Consolidated Matter until 21 days after the JPML issues a decision on Plaintiff Carmen Maurella's pending motion to transfer the related class actions to this Court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407, or (ii) alternatively, if the Court decides to proceed with Defendants' response to the class action Complaints in the two related actions consolidated before this Court currently due next Friday, January 18, to sequence Defendants' response to brief threshold Federal Arbitration Act arbitral forum, personal jurisdiction, and 28 U.S.C. § 1404 venue challenges before briefing Federal Rule of Civil Procedure 12(b)(6) pleading arguments for failure to state any claim for relief.

Dated: January 9, 2019                                  Respectfully submitted,

/s/     Michael I Rothstein

**TABET DIVITO & ROTHSTEIN LLC**
Michael I Rothstein (ARDC # 6195991)
Timothy A. Hudson (ARDC # 6271244)
The Rookery Building
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
P: (312) 762-9490
F: (312) 762-9451
mrothstein@tdrlawfirm.com

**BERKOWITZ OLIVER LLP**
Stacey R. Gilman
(pro hac vice application submitted)
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
P: (816) 561-7007
F: (816) 561-1888
sgilman@berkowitzoliver.com

*Attorneys for Defendants H&R Block, Inc. and H&R Block Tax Services LLC*